UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **ALBERTUS CONNER, JR.** **(SANCTIONED/BARRED)** | **CIVIL ACTION NO. 3:24-cv-01640** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **MICHELLE ANDREPONT** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### MEMORANDUM ORDER

On November 25, 2024, pro se plaintiff Albertus Conner, Jr., ("Plaintiff") filed a Civil Rights Complaint under 42 U.S.C. § 1983. [Doc. No. 1] Plaintiff names as defendant Michelle Andrepont. Plaintiff makes various arguments in his Complaint concerning not only Ms. Andrepont but the judges of this court, Donald J. Trump and other individuals.

Since 1990, Plaintiff has filed over forty (40) civil actions and is no stranger to this court. During just this year, Plaintiff has filed fourteen (14) suits including the current one. Except for his most recent pending filings, Plaintiff's suits have been dismissed for failing to follow court orders, for being frivolous and for failing to prosecute and exhaust state court remedies among other reasons. This Court sanctioned Plaintiff in Civil Actions 5:17-cv-837, Doc. No. 7, and in 5:17-cv-0839, Doc. No. 8, stating in both, "that the Clerk of Court is ordered to decline to file any civil complaint submitted by Albertus Conner, Jr., unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed." This Court also ordered that any motion to proceed *in forma pauperis* that accompanies a complaint be referred to a district judge for action.

Plaintiff is presumably proceeding *in forma pauperis* in this case even though he has not filed a motion. In pauper cases, "the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal - i) is frivolous or malicious; ii)

fails to state a claim on which relief may be granted; or, (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)  A complaint is found to be frivolous if it "lacks an arguable basis in either law or fact." Brewster v. Dretke, 587 F.3d 764, 767(5th Cir. 2009). Factually frivolous claims are those that are clearly baseless, fanciful, fantastic, delusional, irrational or wholly incredible. Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998); Horton v. Cockrell, 70 F.3d 397, 400 (5th Cir. 1995); Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995). To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.868 (2009) quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

District Courts are vested with broad discretion in determining whether a dismissal for frivolousness is warranted in cases brought by plaintiffs *in forma pauperis*. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986). The pleadings of pro se litigants are held to a less stringent standard than those pleadings drafted by attorneys. Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002). However, pro se plaintiffs are required to plead factual allegations that raise the right to relief above a speculative level. Chhim v. University of Texas at Austin, 836 F.3d 467, 469 (5th Cir. 2016). *Pro se* litigants also have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

A review of this Complaint filed by Plaintiff indicates that he has not sought permission from the Chief Judge of this Court to file this this new suit as previously ordered. In addition, the Complaint filed by Plaintiff is handwritten, rambling and difficult to read just like the other complaints he has filed. Plaintiff fails to establish any clear claims for relief in this Complaint.

Accordingly, Plaintiff's Complaint should be dismissed for failing to follow the Order of this Court requiring him to seek permission before filing a Complaint and for failing to state a claim on which relief may be granted.

**ACCORDINGLY**,

**IT IS ORDERED** that the Complaint filed by Albertus Conner, Jr., [Doc. No. 1] on November 25, 2024, be and is hereby **STRICKEN FROM THE RECORD** and this case **CLOSED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall not accept any future filings from Albertus Conner, Jr., unless he seeks and receives permission in writing from the Chief Judge to file the document. It is also ordered that any motion to proceed *in forma pauperis* that accompanies such a complaint shall be referred to the Chief Judge.

THUS DONE in Monroe, Louisiana, this 12th day of December, 2024.

**TERRY A. DOUGHTY, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**